IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| | : | |
| BEAUFORT NICKSON | | |
| | : | |
| v. | : | Civil Action No. DKC 25-3686 |
| | : | |
| TRUEACCORD CORP. | | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this consumer protection case are the motion for summary judgment on count one, (ECF No. 22), and the motion to dismiss, or in the alternative, for judgment on the pleadings on count two, (ECF No. 31), filed by TrueAccord Corp. ("TrueAccord"). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, both motions will be granted.

## I. Background

*Pro se* Plaintiff Beaufort Nickson ("Plaintiff") brought this action under the Telephone Consumer Protection Act ("TCPA") and alleged two counts in his complaint: (1) TrueAccord violated 47 U.S.C. § 227(b) by using an Automatic Telephone Dialing System ("ATDS") to send him debt collection messages without his consent; and (2) TrueAccord violated 47 U.S.C. § 227(c) by contacting him

despite his number being on the national do-not-call registry. (ECF No. 1, at 11–13).

According to the Complaint, Plaintiff had several accounts with his original creditor, Affirm Inc. ("Affirm"), but stopped receiving text messages from Affirm after he revoked his consent with them on September 21, 2023. (*Id.* at 3). Nearly a year later, on August 25, 2024, Plaintiff began receiving text messages about his debt with Affirm from TrueAccord. (*Id.* at 3-4). On September 29, 2024, TrueAccord sent Plaintiff an email explaining that TrueAccord was attempting to help "solve the problem" regarding his balance with Affirm. (*Id.* at 6–7).

Following the close of discovery, TrueAccord filed a motion for summary judgment on count one on June 29, 2026. (ECF No. 22). Plaintiff filed a response in opposition on June 6, 2026, (ECF No. 26), and TrueAccord filed a reply on June 8, 2026. (ECF No. 27). With leave of court, TrueAccord later filed a motion to dismiss count two on July 13, 2026. (ECF No. 31). Plaintiff has not opposed this motion.

## II. Standard of Review

### A. Summary Judgment

Fed.R.Civ.P. 56(a) provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." In determining whether a moving party has made that showing, a court must consider the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." (*Id.*)

**B. Motion to Dismiss or, alternatively, Judgment on the Pleadings**

Defendant filed its motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Courts in this circuit "apply[] the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The court must assume the alleged facts

in the complaint are true and draw all reasonable factual inferences in favor of the nonmoving party. *Burbach Broad.*, 278 F.3d at 406. The facts alleged must state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facially plausible claim is one "that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Mays v. Sprinkle*, 992 F.3d 295, 299–300 (4th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, legal conclusions couched as factual allegations are insufficient. *Iqbal*, 556 U.S. at 678. On a motion to dismiss, the court may consider documents attached to the complaint and documents integral to the complaint that are attached to the motion to dismiss if there is no dispute about their authenticity. *Faulkenberry v. U.S. Dep't of Def.*, 670 F.Supp.3d 234, 249 (D.Md. 2023).

**III. Analysis**

**A. Count One – 47 U.S.C. § 227(b)**

TrueAccord is entitled to summary judgment in its favor on Plaintiff's § 227(b) claim. Section 227(b)(1)(A)(iii) of the TCPA makes it unlawful for "any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing

system or an artificial or prerecorded voice to any telephone number" assigned to a cellular telephone service. To prevail on a § 227(b) claim, a plaintiff must show "(1) that the defendant called the plaintiff's cellular telephone; (2) using an automatic telephone dialing system; [and] (3) without the plaintiff's prior express consent." *Hossfeld v. Gov't Emps. Ins. Co.*, 88 F.Supp.3d 504, 510 (D.Md. 2015).

As to the second element, TrueAccord contends that neither TrueAccord nor its vendor used an ATDS to send text messages to Plaintiff. (ECF No. 22-1, at 4). To qualify as an ATDS, a device must be able "either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021). The complaint contains only a conclusory assertion that TrueAccord used an ATDS. (ECF No. 1, at 11). In contrast, TrueAccord has provided a statement of technical specifications from SBT attesting that it does not use ATDS technology. (ECF No. 22-3). The technical specifications state that its technology does not "create, derive or independently store telephone numbers" and that "[t]he Platform does not permit the sending of messages using random number generation or sequential number generation functionality." (*Id.*). Additionally,

TrueAccord provided a sworn declaration from SBT's Chief Technology Officer which affirms the content of the statement of technical specifications. (ECF No. 22-2).[1] On this record, there is no genuine dispute that the technology SBT used to message Plaintiff does not qualify as an ATDS.

Plaintiff devotes much of his opposition to TrueAccord's summary judgment motion to the consent element of his claim. (ECF No. 26, at 2-3). However, unless Plaintiff can establish that TrueAccord used an ATDS, the consent issue does not affect the outcome of this case. Accordingly, the court will grant summary judgment in favor of TrueAccord on count one.

**B. Count Two – 47 U.S.C. § 227(c)**

As intimated during the recorded telephone conference, Plaintiff has failed to state a claim under § 227(c). Section 227(c) creates a private right of action for "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of" TCPA

[1] Plaintiff argued that the statement of technical specifications and sworn declaration were inadequate and filed a motion seeking to compel additional discovery. (ECF No. 17). The court held a telephone conference addressing this matter on July 10, 2026, and denied Plaintiff's motion to compel discovery, finding that TrueAccord had adequately complied with Plaintiff's discovery requests. (ECF No. 30).

regulations. 47 U.S.C. §227(c)(5). In general, these regulations prohibit making a *solicitation* call to a person who is registered on the national do-not-call registry. *See* 47 C.F.R. § 64.1200(c)(2); *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019). To state a claim under § 227(c), Plaintiff must allege that (1) his number was on the do-not-call registry and (2) that TrueAccord made more than one telephone solicitation to him in a year. *See Nickson v. Advanced Mktg. & Processing, Inc.*, No. 22-cv-2203-DLB, 2023 WL 4932879 at *6 (D.Md. Aug. 2, 2023).

Plaintiff has plausibly alleged that his number was on the do-not-call registry. (ECF Nos. 1, at 3; 1-1, at 2). He has not, however, sufficiently pleaded that TrueAccord's messages were solicitations within the meaning of the TCPA. The TCPA defines telephone solicitation as:

> [t]he initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any person with whom the caller has an established business relationship, or (C) by a tax-exempt nonprofit organization.

47 U.S.C. § 227(a)(4).

Plaintiff alleges that all the messages that TrueAccord sent him were related to debt collection. (ECF No. 1, at 11). A debt collection call, however, is not "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." § 227(a)(4). The messages from TrueAccord were thus not a solicitation under the TCPA. Accordingly, under the motion to dismiss standard, Plaintiff has not adequately alleged a violation of §227(c).

**IV. Conclusion**

For the foregoing reasons, TrueAccord's motion for summary judgment on count one, (ECF No. 22), and TrueAccord's motion to dismiss, or in the alternative, for judgment on the pleadings on count two (ECF No. 31), will both be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge